## MICHAEL O'BRIEN *vs.* CITY OF MINNEAPOLIS.

### February 8, 1876.

**Struck Jury—When to be Demanded.**—Proceedings instituted, after the commencement of a term, for the purpose of obtaining a struck jury, under

Gen. St. ch. 71, §§ 15, 16, for the trial of a cause at such term, are wholly unauthorized and ineffectual for that purpose.

Appeal by defendant from an order of the district court for Ramsey county, *Wilkin*, J., presiding, refusing a new trial after verdict for plaintiff.

*E. M. Wilson*, for appellant.

*Bigelow, Flandrau & Clark*, for respondent.

CORNELL, J. After the commencement of the term for which this action had been duly noticed for trial, defendant filed with the clerk a demand in writing for a struck jury, under Gen. St. ch. 71, § 15. Subsequent proceedings, against plaintiff's objection, were thereupon had, which resulted in the striking of a jury for the trial of the cause, the issuance and service of a venire, and the return of the same duly served, before the cause was in fact called for trial. Upon such return plaintiff moved to quash such struck jury panel "on the ground that the notice of the demand for said jury and the striking thereof was served upon plaintiff's attorneys after the commencement of the term, and was too late." The motion was sustained, and the jury dismissed.

The statute authorizing a struck jury upon the written demand of either party, after prescribing the mode and manner of selecting the requisite list of struck jurors, and the issuing of a venire to summon the same, etc., (Gen. St. ch. 71, § 15,) declares (§ 16) that "in no case shall it be necessary to strike such jury more than six days previous to the term of the court at which the action or proceeding is to be tried, and three days' service of the venire shall be held sufficient." This clearly implies that such jury must be struck at least six days previous to the term, so that the venire can be issued in time to secure the attendance of the jurors at its commencement. This construction harmonizes with the general theory of our statutes relating to the practice and trial applicable to issues of fact, which evidently contemplates the first day of the term as the time when all such causes to be tried thereat are presumed to be

in readiness for trial, both as respects the attendance of suitors and their witnesses, as well as the presence of the requisite jury panel, whether regular or struck, from which the trial panel is to be obtained. To allow, as matter of right, proceedings for a struck jury to be instituted, at the instance of either party, after the beginning of the term, might often seriously interfere with that control over its calendar which every court possesses and ought to exercise for the convenience of parties and the dispatch of business. The ruling of the district court in this matter was, in our judgment, correct.

The other points raised and discussed by defendant's counsel are none of them properly presented by the settled case and record before us, and hence cannot be considered by this court.

Order affirmed.